IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORI LOGAN FRASER f/k/a<br>CECILIA CORINNE FRAZER,<br><br>    Plaintiff,<br><br>   v.<br><br>MARTIN O'MALLEY,<br>*Commissioner of Social Security*,<br><br>    Defendant. | Civil Action No. 22-1574 |

O R D E R

AND NOW, this 25th day of March, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]   Plaintiff argues that the Administrative Law Judge ("ALJ") failed to adequately address the statements of the treating healthcare providers in this case, as well as the subjective testimony, in formulating Plaintiff's residual functional capacity ("RFC"). The Court disagrees and finds that the ALJ's findings are supported by substantial evidence.

While, for the most part, the ALJ's well-crafted decision needs no further explanation, the Court will address why it finds this to be so in the context of Plaintiff's arguments. As noted, Plaintiff contends that the ALJ failed to properly apply the factors in 20 C.F.R. § 416.920c in considering assessments from treating physician assistant Andrea Cuffman, PA-C (R. 1094-98), and from treating therapist Naomi Greenberg, LCSW (R. 1218-22). Plaintiff is correct that for cases such as this one, filed on or after March 27, 2017, the amended regulations set forth at 20 C.F.R. § 416.920c apply to an ALJ's consideration of medical opinion evidence. Although there are several differences between the old and new versions of the regulations, probably the most significant is that the newer version has eliminated the "treating physician rule." *Compare* 20 C.F.R. § 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 416.920c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). Although the medical source's treating relationship with the claimant is still a valid consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 416.920c(b) and (c). While Plaintiff suggests that the ALJ's analysis failed to comport with these criteria, the Court disagrees.

Specifically, Plaintiff contends that the ALJ, in dismissing PA-C Cuffman's suggested reaching, handling, and fingering limitations, failed "to understand that with impairments such as Ehlers-Danlos Syndrome and Fibromyalgia, there may be many normal findings on examination, but that does not mean Plaintiff does not experience pain with these activities sufficient to substantially interfere with job performance." (Doc. No. 16, p. 20). However, the ALJ made no such sweeping statement. Rather, the ALJ considered and discussed how well the findings of PA-C Cuffman and her colleagues at UPMC Physical Medicine and Rehabilitation supported Ms. Cuffman's opined limitations and how consistent these limitations were with the record as a whole. (R. 36-37). The ALJ's discussion was thorough, citing specific examples, and consistent with the criteria set forth in Section 416.920c.

Plaintiff further argues that the ALJ's dismissal of LCSW Greenberg's statement as "conclusory" was improper. (Doc. No. 16, p. 21). However, the ALJ's discussion of this statement demonstrated consideration of the document as a whole, and the ALJ adequately explained his determination that the statement was not persuasive and conclusory, citing parts of the statement that reference general traits of people with autism disorder rather than discuss Plaintiff's situation specifically. While the statement certainly also contains parts relating more specifically to Plaintiff, the ALJ's characterization of the statement is a fair construction. The ALJ also contrasted the statement with objective medical evidence in the record inconsistent

with LCSW Greenberg's statement. (R. 37). Accordingly, the ALJ adhered to his responsibilities under Section 416.920c, and his findings were supported by substantial evidence.

Nonetheless, Plaintiff contends that even "[s]eparate from the report of LCSW Naomi Greenberg indicating Plaintiff would be unable to work in proximity to and with others due to Plaintiff's autistic sensitivities, both State Agency psychologists in assessing Plaintiff's Mental RFC (not just Paragraph "B" criteria) found that Plaintiff would have significant limitations in interacting with others in the workplace." (Doc. No. 16, p. 22). Specifically, state reviewing agent Douglas Schiller, Ph.D., found moderate limitations in regard to attention, concentration, the ability to work with others, and the ability to deal with the general public and supervisors (R. 125-27), and on reconsideration, Dante Mancini, Ph.D. likewise found moderate limitations in the ability to maintain attention and concentration for extended periods, to work with others, and to accept instructions from and respond to supervisors (R. 149-53). Plaintiff asserts that the ALJ did not sufficiently address these findings in crafting an RFC that permitted "frequent" interaction with others. However, it is important to note that neither Dr. Schiller nor Dr. Mancini opined as to any specific functional restrictions to account for these moderate limitations. The ALJ, in limiting Plaintiff to frequent, rather than continuous, social interaction clearly acknowledged the opinions of Drs. Schiller and Mancini, and his ultimate RFC findings are not inconsistent with those opinions. In any event, the ALJ discussed Plaintiff's ability to interact with others not only in determining the RFC, but also extensively as part of his Step Three analysis. (R. 29, 35-36). *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (holding that an ALJ's decision must be "read as a whole"). The ALJ also explained at Step Three that he would formulate a more detailed assessment of Plaintiff's mental functioning in determining the RFC (R. 30), which he in fact did.

The final argument for the Court to address is that the ALJ's evaluation of Plaintiff's subjective testimony was insufficient. In so arguing, Plaintiff implies that the ALJ insufficiently factored fibromyalgia into his analysis. The Court first notes that Plaintiff is correct that, although an ALJ's consideration of a claimant's testimony is still often referred to as a "credibility" determination, that term has been eliminated from the Commissioner's policy concerning "subjective symptom evaluation." *Schneider v. Berryhill*, No. CV 17-1299, 2019 WL 698471, at *2 (W.D. Pa. Feb. 20, 2019) (citing SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016)) (explaining SSR 16-3p "clarif[ied] that the subjective symptom evaluation is not an examination of an individual's character"). The manner of the evaluation, though, remains unchanged in most ways, and many concepts that applied when the evaluation was considered to be one of credibility continue to apply now.

Here, the ALJ adequately explained his basis for finding the subjective statements about the intensity, persistence, and limiting effects of Plaintiff's symptoms to be not entirely consistent with the record evidence. The record demonstrates that the ALJ was well aware of Plaintiff's fibromyalgia pain and fatigue and that he considered the same at some length in evaluating Plaintiff's testimony. (R. 27, 31-34). He properly considered it, though, within the context of all the record evidence. For instance, the ALJ discussed Plaintiff's significant activities of daily living, including walking 3-8 miles per week and developing and working at a non-profit agency. (R. 31-35). While these activities may not alone support a finding of non-

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:       Counsel of record

---

disability, an ALJ can, and in fact must, consider a claimant's activities of daily living in evaluating the subjective testimony. *See* 20 C.F.R. § 416.929(c)(3)(i); SSR 16-3p, at *7; *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011). Moreover, the ALJ did not rely solely on Plaintiff's daily activities; as discussed above, he also discussed the objective medical evidence, such as medical imagining data and clinical findings, statements made by Plaintiff to treating physicians, and Plaintiff's treatment history, in considering Plaintiff's testimony – as an ALJ is required to do. *See* 20 C.F.R. § 416.929(c)(2); SSR 16-3p, at *5. Indeed, the ALJ did not merely cite isolated parts of the record but instead comprehensively discussed the longitudinal record as a whole.

It is important to remember that while a claimant's subjective complaints are certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 416.929(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). Moreover, where an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). The Court finds that such deference is warranted in this case. *See also Paula R. v. Comm'r of Soc. Sec.*, No. CV 20-18808 (RBK), 2022 WL 950242, at *5 (D.N.J. Mar. 30, 2022) ("Credibility determinations are 'virtually unreviewable on appeal.'" (quoting *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015))).

In some ways, Plaintiff seems to suggest having severe impairments such as Ehlers-Danlos and fibromyalgia somehow negates the ALJ's duty to consider the objective medical evidence in making the requisite findings. This is not so; while an ALJ should take care in considering cases involving fibromyalgia and other impairments involving pain and fatigue that may not necessarily be reflected in the objective evidence, the ALJ still must consider all of the evidence in making a disability determination. The ALJ did so here, and the Court finds that he applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.